UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re                                                           Case No. 25-16337-LMI

TUI BAYSIDE LLC,                                    Chapter 11 (Subchapter V)

_____Debtor._____/

**TUI BAYSIDE, LLC'S MOTION TO ABSTAIN FROM
EXERCISING JURISDICTION PURSUANT TO 11 U.S.C. § 305(a)(1)**

TUI Bayside, LLC (the "**Grossfeld TUI**"), by and through its duly authorized managing member, Jeffrey Grossfeld, moves this Court for the entry of an order abstaining from further proceedings and dismissing the above-captioned Chapter 11 case pursuant to 11 U.S.C. § 305(a)(1), and states:

**PRELIMINARY STATEMENT**

1. This case is a textbook example of why 11 U.S.C. § 305 exists. TUI has no business operations, no employees, no income, and no assets. Its sole property was foreclosed upon and transferred to its secured lender pursuant to a state court judgment and deed in lieu of foreclosure. What Eisenberg seeks here is not reorganization, but a second bite at the apple, an attempt to relitigate in bankruptcy court the very issues he has already lost, and is still actively litigating, in the Eleventh Judicial Circuit.

2. The timing of the petition makes his strategy transparent. On the very day this bankruptcy was filed, Eisenberg caused TUI to commence an adversary proceeding parroting the same claims already pending in state court. These include challenges to the deed-in-lieu transfer, *lis pendens* filings, and LLC governance disputes, claims that are not only exclusively governed by Florida law but already fully briefed and were scheduled for hearing before Judge Cynamon. Eisenberg is simply trying to trade forums after failing to achieve the results he wants in state court. That is classic forum shopping, and it is an abuse of the bankruptcy process.

3. The state court, moreover, is already seized of every underlying issue because both the foreclosure and derivative actions are consolidated before Judge

Cynamon, who has presided over extensive motion practice, entered substantive rulings, and set further hearings. The same court has rejected Eisenberg's prior attempts to assume control of TUI and is well equipped to resolve all residual disputes under Florida law. Federal bankruptcy jurisdiction adds nothing but duplication, delay, and expense.

4. Ultimately, there is only one forum with the jurisdiction, the history, and the authority to decide these disputes: the Eleventh Judicial Circuit. This case is litigation-driven from inception, concerns exclusively state law issues, and involves nothing more than a two-party control dispute. Abstention under § 305 will preserve judicial economy, prevent forum shopping, and return the parties to the forum where these issues belong.

## RELEVANT BACKGROUND

**A.     The Foreclosure Litigation.**

5. On February 22, 2022, Reorg, LLC filed a foreclosure complaint against TUI, *Reorg, LLC v. TUI Bayside, LLC*, Case No. 2022-002047-CA-01, in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County (the "**Foreclosure Action**").

6. On November 21, 2024, the state court entered a Final Judgment of Foreclosure.[1]

7. On February 4, 2025, Eisenberg filed *Defendant's Urgent Motion to Recognize Michael Eisenberg's Authority to Bind and Represent TUI Bayside LLC as its Majority Member* in the foreclosure action.[2]

8. On March 5, 2025, the state court denied that motion.[3]

9. On March 7, 2025, Eisenberg renewed his motion and filed an Incorporated Memorandum of Law in Support.[4]

10. On March 27, 2025, Eisenberg filed a supporting declaration.[5]

---

[1] [D.E. 159].
[2] [D.E. 192].
[3] *Order Denying Defendant's Urgent Motion to Recognize Michael Eisenberg's Authority to Bind and Represent TUI Bayside LLC as its Majority Member Without Prejudice* [D.E. 199].
[4] *Defendant's Renewed Urgent Motion to Recognize Michael Eisenberg's Authority to Bind and Represent TUI Bayside, LLC as its Majority Member and Incorporated Memorandum of Law in Support Thereof* [D.E. 201].
[5] *Defendant's Notice of Filing Declaration of Michael Eisenberg in Support of Defendant's Renewed Urgent Motion to Recognize Michael Eisenberg's Authority to Bind and Represent TUI Bayside, LLC as its Majority Member Filed on March 7, 2025 [Docket Index # 201]* [D.E. 207].

2

11. On April 4, 2025, a special set hearing on the renewed motion was held and the Court again denied the motion and Eisenberg's relief.

12. In both motions, Eisenberg sought to assert authority as majority member of TUI. These issues were briefed and argued, and the state court ruled on this issue.

13. On May 2, 2025, Eisenberg filed a Notice of *Lis Pendens*.[6]

14. On May 13, 2025, Eisenberg filed a *Discharge and Release of Notice of Lis Pendens*.

15. On June 4, 2025, after repeated losses in state court and on the very day further hearings were scheduled, Eisenberg filed this bankruptcy petition and a notice of stay, halting the scheduled state court proceedings mid-stream.

**B.    The Shareholder Litigation.**

16. On December 23, 2024, Eisenberg filed a Shareholder Derivative Complaint, *Michael Eisenberg, derivatively as a member of TUI Bayside, LLC, a Florida limited liability company, v. Jeffrey Grossfeld, an individual, and a member and manager of TUI Bayside, LLC, a Florida limited liability company*, Case No. 2024-024352-CA-01, also in the Eleventh Judicial Circuit Court (the "**Derivative Action**").

17. On April 8, 2025, Eisenberg filed *Plaintiff's Motion to Transfer and Consolidate Proceedings*.[7]

18. On April 16, 2025, the Court granted the motion and transferred the Derivative Action to Judge Cynamon, who was already presiding over the Foreclosure Action.[8]

19. On May 2, 2025, Eisenberg filed a *Notice of Lis Pendens*.[9]

20. On May 13, 2025, Eisenberg filed a *Motion to Invalidate Unlawful General Warranty Deed and to Nullify Unauthorized Transfer of LLC Property*.[10]

---

[6] [D.E. 218].
[7] [D.E. 14].
[8] *Order Granting Motion to Transfer* [D.E. 16].
[9] [D.E. 20].
[10] [D.E. 23].

21. On May 21, 2025, non-party Jockey Development, LLC filed a *Motion to Dissolve Lis Pendens*.[11]

22. On May 22, 2025, Jockey Development filed a *Motion to Specially Set Hearing on its Motion to Dissolve Lis Pendens*,[12] and this motion was set for hearing on June 4, 2025.[13]

23. On June 3, 2025, Eisenberg filed his *Response to Jockey Development's Motion to Specially Set Hearing* and requested that his Motion to Invalidate Deed be heard contemporaneously with Jockey's Motion to Dissolve *Lis Pendens*.[14] Both motions were thus fully briefed and set for hearing.

24. On the eve of that hearing, on June 4, 2025, Eisenberg filed this bankruptcy petition and a notice of stay, halting the scheduled state court proceedings mid-stream.

**C.    The James B. Miller Dispute.**

25. On November 22, 2024, the law firm of James B. Miller, P.A. and James B. Miller, Esq. filed a *Notice of Charging Lien*.[15]

26. On April 28, 2025, TUI filed the *Motion to Strike Notice of Charging Lien*.[16]

27. On May 12, 2025, the law firm of James B. Miller, P.A. and James B. Miller, Esq. filed the *Response to Defendant's Motion to Strike Notice of Charging Lien*.[17]

28. On May 14, 2025, the state court held a special set hearing where both sides presented argument on the lien dispute, and the Judge directed each party to submit memorandum of law.

29. On May 23, 2025, TUI filed the *Supplemental Brief in Support of Motion to Strike Notice of Charging Lien*.[18]

---

[11] [D.E. 25].
[12] [D.E. 26].
[13] [D.E. 28].
[14] [D.E. 31].
[15] [D.E. 161].
[16] [D.E. 214].
[17] [D.E. 227].
[18] [D.E. 230].

4

30. On July 15, 2025, after full briefing and oral argument, the state court ruled in TUI's favor, granted the Motion to Strike, and ordered that the Notice of Charging Lien be stricken in its entirety.[19]

**D.    The Bankruptcy Filing and Adversary Complaint.**

31. On June 4, 2025, Eisenberg filed this bankruptcy case and an adversary complaint, simultaneously filing suggestions of bankruptcy in the state court proceedings. As a result, both the Foreclosure Action and the Derivative Action were placed on inactive status despite being fully briefed and awaiting further hearings.

## LEGAL STANDARD

32. Section 305(a)(1) of the Bankruptcy Code authorizes the Court to dismiss or suspend a case "if the interests of creditors and the debtor would be better served by such dismissal or suspension."[20]

33. Courts consistently apply § 305 where bankruptcy serves no valid reorganization purpose, state law issues predominate, and parallel litigation is already pending in a state forum capable of resolving the disputes.[21]

34. In evaluating whether abstention is warranted, courts consider a range of non-exclusive factors, including: (i) the economy and efficiency of administration; (ii) the availability of an alternative forum to protect the parties' interests; (iii) the extent to which federal bankruptcy law is implicated; (iv) the presence of unsettled issues of state law; (v) the debtor's ability—or inability—to effectuate a reorganization; and (vi) the potential prejudice to creditors.[22]

## ARGUMENT

35. Abstention is warranted here because this bankruptcy filing serves no reorganization purpose and merely interrupts fully briefed disputes already before the state court.

---

[19] [D.E. 241].
[20] 11 U.S.C. § 305(a)(1).
[21] See, e.g., *In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016); *Remex Elecs. Ltd. v. Axl Indus., Inc.* (*In re Axl Indus., Inc.*), 127 B.R. 482, 484 (S.D. Fla. 1991).
[22] See *In re Mountain Dairies, Inc.*, 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007).

36. In fact, the record shows that the state court has already overseen the foreclosure, denied Eisenberg's repeated attempts to assert control of TUI, and is now considering the deed-invalidation and *lis pendens* disputes. These issues are fully briefed, pending before a single judge, and ready for resolution. Abstention is thus warranted so the state court already steeped in the facts and law can bring these disputes to their proper conclusion.

37. Courts have held that abstention or dismissal under § 305(a) is proper where a debtor seeks to misuse the Bankruptcy Code "by doing indirectly what cannot be done directly," such as filing a petition purely as a litigation tactic.[23] Abstention is equally appropriate where an otherwise ineligible entity attempts to "backdoor" its way into bankruptcy protection.[24]

38. Abstention is also warranted where litigation is already underway in another forum capable of determining the parties' interests.[25] When litigation is mid-stream in such a forum, dismissal or abstention is "especially appropriate."[26]

A. **All Underlying Issues Have Been Litigated and Belong in State Court.**

39. Every dispute underlying this bankruptcy filing, including membership rights in TUI, authority under the Operating Agreement, the validity of the deed-in-lieu transfer, and challenges arising out of the foreclosure, has been squarely raised and litigated in the pending state court actions.

40. More important, both the Foreclosure Action and the Derivative Action are now pending before the same judge, Judge Cynamon, following the April 16, 2025 transfer order. Consolidating these matters before a single state court judge ensures consistency and efficiency in their resolution, precisely the circumstance where courts abstain under § 305 to avoid duplicative and conflicting rulings.[27]

---

[23] *In re TGP Commc'ns, LLC*, 662 B.R. 795, 801–02 (Bankr. S.D. Fla. 2024).
[24] *Id.* at 755–56.
[25] *Monsour Med. Ctr., Inc. v. Stein (In re Monsour Med. Ctr., Inc.)*, 154 B.R. 201, 207 (Bankr. W.D. Pa. 1993).
[26] *In re Laurel Highlands Found., Inc.*, 473 B.R. 641, 654 (Bankr. W.D. Pa. 2012).
[27] *See In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016) (dismissing two-party dispute best resolved in state court).

41. In addition to Eisenberg's failed attempts to assume control of TUI, he has continued to litigate deed-related issues. On May 2, 2025, he filed Notices of *Lis Pendens* in both the Derivative and Foreclosure Actions. On May 13, 2025, he filed a Motion to Invalidate Unlawful General Warranty Deed and to Nullify Unauthorized Transfer of LLC Property. Jockey Development responded on May 21 and 22, 2025, with a Motion to Dissolve *Lis Pendens* and a Motion to Specially Set Hearing. Eisenberg filed a detailed response on June 3, 2025, requesting a consolidated hearing on both matters.

42. Thus, the validity of the deed and the lis pendens are already the subject of active, fully briefed motions in the Eleventh Judicial Circuit, with hearings scheduled. These disputes are not new, they are mid-stream in state proceedings. Abstention is especially warranted in such circumstances, where the state forum is already seized of the issues and positioned to adjudicate the parties' rights.[28]

43. The state court has received full briefing, heard extensive argument, and issued substantive rulings on these very matters, with additional hearings set. These issues are far from nascent. They are on the cusp of resolution, and the state court, deeply familiar with the record and governing law, is best situated to bring them to finality.

44. Judge Cynamon has presided over years of litigation in both the foreclosure and derivative actions, overseeing extensive motion practice, entering substantive rulings, and scheduling further hearings. Notably, she has already rejected Eisenberg's repeated attempts to assume control of TUI, denying both his "urgent" motion and his renewed motion to that effect. The suggestion that bankruptcy jurisdiction is needed to resolve these disputes is baseless.

45. Using bankruptcy to reargue questions the state court has already decided is precisely the type of abuse of process § 305 is designed to prevent. As courts have emphasized, abstention or dismissal is proper when a debtor tries to circumvent the Bankruptcy Code by repackaging a state court defeat as a federal filing.[29]

46. Asking this Court to revisit those same questions would create duplicative litigation, risk conflicting outcomes, and needlessly undermine years of judicial effort in the

---

[28] See *Laurel Highlands*, 473 B.R. at 654; *Monsour Med. Ctr.*, 154 B.R. at 207.
[29] See *TGP Commc'ns*, 662 B.R. at 801–02.

state forum. Section 305(a)(1) exists precisely to prevent this type of forum-shopping and preserve judicial economy.

47. Because the disputes involve questions of state law concerning LLC governance, foreclosure procedure, and property transfers, matters uniquely suited to state court resolution, the Bankruptcy Court should abstain and defer under 11 U.S.C. § 305(a)(1).

48. Accordingly, because these disputes are already fully joined in state court and mid-stream toward resolution, abstention is the only course that preserves judicial economy and prevents duplicative litigation. Ultimately, the state forum is not just available but already actively resolving every issue the Debtor seeks to re-litigate here.

**B.    Consolidation Before a Single State Court Judge Ensures Efficiency and Consistency.**

49. Both the Foreclosure Action and the Derivative Action are now before Judge Cynamon, giving a single state court judge comprehensive oversight of all disputes involving TUI. Courts recognize that where a unified forum already exists to resolve overlapping disputes, abstention under § 305 avoids waste and conflicting rulings.[30]

50. Consolidation eliminates the risk of fragmented adjudication and ensures consistency in the application of state law. Federal courts routinely defer where state courts have assumed jurisdiction over interrelated actions, recognizing that judicial economy and comity favor resolution in one forum.[31]

51. The Eleventh Judicial Circuit has already devoted substantial resources to these disputes, including briefing, hearings, and substantive rulings. It is therefore best positioned to render informed and timely decisions on all remaining issues.[32]

---

[30] See *In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016) (emphasizing efficiency and consistency as grounds for abstention).
[31] See *Remex Elecs. Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.)*, 127 B.R. 482, 484 (S.D. Fla. 1991).
[32] See *In re Le Jardin Residences Manager, LLC*, No. 20-14606-RAM, 2021 WL 267672, at *1–2 (Bankr. S.D. Fla. Jan. 25, 2021) (granting abstention where state court was better suited to adjudicate LLC-related disputes).

52. Allowing this bankruptcy to proceed would duplicate those efforts and undermine the efficiency created by consolidation. Judicial economy, comity, and the avoidance of inconsistent rulings weigh heavily in favor of abstention.[33]

53. As such, because consolidation before Judge Cynamon ensures consistency, efficiency, and fairness, this Court should abstain and allow the state forum to complete its work.

**C.  The Disputes Are Exclusively Governed by Florida Law, Not Bankruptcy Law.**

54. The questions at issue, including membership and management rights in a Florida LLC, the validity of a deed-in-lieu of foreclosure, the effect of a foreclosure judgment, and related fiduciary duty and fraud claims, are all governed exclusively by Florida law.[34]

55. None of these issues require interpretation of the Bankruptcy Code or implicate federal bankruptcy policy. They are traditional state-law questions of corporate governance and property rights, precisely the type of disputes bankruptcy courts abstain from hearing when no reorganization purpose is served.[35]

56. Moreover, the state court is already actively considering Eisenberg's *lis pendens* and deed-invalidation claims, demonstrating that an adequate and competent forum is fully engaged in resolving these matters. Federal courts consistently recognize that abstention is appropriate when a state court is available and already exercising jurisdiction over the very issues raised in bankruptcy.[36]

57. In short, because every issue arises under Florida law and is already before the state court, this Court's involvement would serve no bankruptcy purpose and only duplicate ongoing proceedings, making abstention under § 305 the proper course.

---

[33] See *In re Bos*, 561 B.R. at 900.
[34] See *In re Le Jardin Residences Manager, LLC*, No. 20-14606-RAM, 2021 WL 267672, at *1–2 (Bankr. S.D. Fla. Jan. 25, 2021) (holding abstention proper where disputes over LLC governance and property rights arose solely under Florida law).
[35] See *In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016) (dismissing bankruptcy case that sought to litigate ownership disputes governed entirely by state law).
[36] See *Remex Elecs. Ltd. v. Axl Indus., Inc.* (*In re Axl Indus., Inc.*), 127 B.R. 482, 484 (S.D. Fla. 1991).

**D.    The Adversary Proceeding Improperly Repackages State Law Claims Already Pending.**

58.    On June 4, 2025, simultaneously with the bankruptcy petition, Eisenberg caused the Debtor to file an adversary proceeding against Jockey Development, LLC, the current owner of the property formerly held by TUI. That adversary asserts seven counts.

59.    Each of those counts mirrors issues already pending in state court, particularly challenges to the deed-in-lieu transfer and related *lis pendens* proceedings. They are simply repackaged state law claims concerning property rights and LLC governance. Courts consistently hold that § 305 abstention is warranted where adversary proceedings duplicate disputes already being litigated in state court, as it prevents forum shopping and preserves judicial economy.[37]

60.    Allowing these claims to proceed in bankruptcy would only encourage forum shopping and unravel the efficiency gained by consolidation before Judge Cynamon. Courts have repeatedly recognized that bankruptcy cannot be used to relitigate or repackage state law claims already well underway in another forum.[38] Abstention here ensures those disputes are resolved where they originated and where substantial judicial resources have already been expended.

61.    As such, because the adversary proceeding merely duplicates claims already before the Eleventh Judicial Circuit, abstention under § 305 is necessary to prevent forum shopping and to allow those disputes to reach their natural conclusion in state court.

**E.    This Case Serves No Bankruptcy Purpose and Is Purely Litigation-Driven.**

62.    This case serves no legitimate bankruptcy function. TUI has no ongoing business operations, no employees, no income, and no remaining assets, the sole property it once held was properly transferred to its secured lender pursuant to a deed in lieu of foreclosure, following a state court final judgment.

---

[37] See *In re Le Jardin Residences Manager, LLC*, 2021 WL 267672, at *1–2 (Bankr. S.D. Fla. Jan. 25, 2021) (abstaining where adversary claims duplicated Florida state court litigation); *In re Axl Indus., Inc.*, 127 B.R. 482, 484 (S.D. Fla. 1991).
[38] See *In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016).

10

63. TUI is not eligible for Subchapter V relief under 11 U.S.C. § 1182 because it is not engaged in any commercial or business activity. As such, the filing was improperly designated as a Subchapter V case from the outset.

64. The only purported "asset" of this bankruptcy estate is litigation. Eisenberg has already pursued that litigation in state court through repeated motions, including the May 2, 2025 Notices of *Lis Pendens* and the May 13, 2025 Motion to Invalidate Deed. Those filings, along with Jockey Development's responsive motions, confirm that the deed and *lis pendens* issues are actively before the state court. The adversary proceeding filed here is nothing more than an attempt to repackage and relocate those same claims.

65. Courts have consistently rejected attempts to invoke bankruptcy purely as a litigation tactic.[39] Litigation over foreclosure, deed transfers, and *lis pendens* does not constitute a reorganizational purpose under the Bankruptcy Code.

66. This case also falls squarely within the line of authority recognizing dismissal where the matter is nothing more than a two-party dispute better suited to state court.[40]

67. Continuing this case will not advance the interests of creditors or further any core bankruptcy objective. Instead, it will prolong duplicative litigation, increase administrative costs, and improperly shift a state law dispute into federal bankruptcy court.

68. Accordingly, because this bankruptcy serves no reorganizational purpose and is merely a litigation tactic in a two-party dispute, abstention or dismissal under § 305 is the only course that preserves the integrity of the Bankruptcy Code and respects the state court's jurisdiction.

F.   **The Eleventh Judicial Circuit Is the Proper Forum for Resolution.**

69. The Eleventh Judicial Circuit Court in Miami-Dade County has proper jurisdiction over both the parties and the subject matter of this dispute. It has already

---

[39] *In re TGP Commc'ns, LLC*, 662 B.R. 795, 801–02 (Bankr. S.D. Fla. 2024) (abstaining where debtor sought to "circumvent the Code" by using bankruptcy as a litigation strategy); *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394–95 (11th Cir. 1988) (affirming dismissal where debtor filed solely to gain litigation advantage).
[40] See *In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016); *Remex Elecs. Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.)*, 127 B.R. 482, 484 (S.D. Fla. 1991); *In re Le Jardin Residences Manager, LLC*, No. 20-14606-RAM, 2021 WL 267672, at *1–2 (Bankr. S.D. Fla. Jan. 25, 2021).

11

adjudicated the foreclosure action and entered a final judgment, and it is well-equipped to resolve any remaining state-law claims.

70. That same court has considered and rejected Eisenberg's prior attempts to assert control over TUI. It is therefore the appropriate venue to resolve any residual claims arising from the failed membership interest purchase agreement, alleged torts, or purported improper transfers.

71. Courts applying § 305 consistently consider whether the petitioning party has an adequate remedy in a non-bankruptcy forum. Where, as here, a state court is fully available and already exercising jurisdiction, abstention or dismissal is proper.[41]

72. This principle has been applied in this District as well. In *In re Le Jardin Residences Manager, LLC*, dismissal was ordered because a two-party dispute could be resolved in state court.[42] The same reasoning applies here: the Eleventh Judicial Circuit provides a fully adequate and already-engaged forum for resolving every dispute between Eisenberg and Grossfeld.

73. Returning this matter to that court would preserve judicial economy, avoid duplicative litigation, and prevent misuse of the bankruptcy process.[43]

74. Ultimately, this case presents both grounds that independently warrant abstention under § 305: it is a litigation-driven filing designed to repackage disputes already pending in state court, and it is a two-party control dispute better suited to resolution in that forum. Together, these factors confirm that dismissal or suspension is the appropriate outcome.

## CONCLUSION

75. For all the reasons set forth above, abstention under 11 U.S.C. § 305 is both appropriate and necessary. Every dispute at issue arises solely under Florida law, has already been raised and litigated in the Eleventh Judicial Circuit, and involves no legitimate

---

[41] See *In re Mountain Dairies, Inc.*, 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007); *Remex Elecs. Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.)*, 127 B.R. 482, 484 (S.D. Fla. 1991).
[42] See *In re Le Jardin Residences Manager, LLC*, No. 20-14606-RAM, 2021 WL 267672, at *1–2 (Bankr. S.D. Fla. Jan. 25, 2021).
[43] *See In re Bos*, 561 B.R. 868, 898–900 (Bankr. N.D. Fla. 2016) (dismissing two-party dispute in favor of state court resolution).

bankruptcy purpose. This case is nothing more than a litigation-driven attempt to repackage state court claims into federal bankruptcy proceedings. Courts consistently reject such misuse of the Code, particularly where, as here, the disputes are already consolidated before a single state court judge fully capable of rendering a final resolution.

76. Accordingly, pursuant to 11 U.S.C. § 305(a)(1), TUI respectfully requests that this Court enter an order abstaining from exercising jurisdiction and dismissing this Chapter 11 case, together with such further relief as the Court deems just and proper.

WHEREFORE, TUI Bayside, LLC, respectfully requests that this Court enter an order granting this Motion, abstain from exercising jurisdiction pursuant to 11 U.S.C. § 305(a)(1), dismiss the Chapter 11 case in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: October 1, 2025,

Respectfully submitted,

COLE SCHOTZ P.C.
*Counsel for TUI Bayside, LLC*
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Primary Email: LSalazar@coleschotz.com
Primary Email: JCeide@coleschotz.com
Primary Email: LLorenzo@coleschotz.com
Secondary Email: ALee-Sin@coleschotz.com

By: /s/ Luis Salazar
  Luis Salazar
  Florida Bar No. 147788
  Jose Ceide
  Florida Bar No. 15937
  Lorenzo Lorenzo, Jr.
  Florida Bar No. 88718

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                 */s/ Luis Salazar*
                                                 Luis Salazar

**SERVICE LIST**

Electronic Notice List:

- **Dan L Gold**   Dan.L.Gold@usdoj.gov
- **Soneet Kapila**   trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- **Nathan G Mancuso**   ngm@mancuso-law.com
- **James B Miller**   bkcmiami@gmail.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Luis Salazar**   lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;lee-sin@salazar.law