### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>TUI BAYSIDE LLC,<br><br>    Debtor. | Case No. 25-16337-LMI<br><br>Chapter 11 (Subchapter V) |

### DEBTOR'S SUPPLEMENTAL RESPONSE TO GROSSFELD TUI'S MOTION TO ABSTAIN FROM EXERCISING JURISDICTION PURSUANT TO 11 U.S.C. § 305(a)(1) [D.E. 129]

### (Hearing Scheduled for December 16, 2025, at 9:00 a.m.)

Debtor TUI Bayside LLC ("TUI Bayside" or "Debtor"), by and through undersigned counsel, files this supplemental response in opposition to Grossfeld TUI's *Motion to Abstain from Exercising Jurisdiction Pursuant to 11 U.S.C. § 305(a)(1)* [D.E. 129] (the "Motion to Abstain" or "Motion") and states:

### SUPPLMENTAL OPPOSITION RESPONSE

The Motion to Abstain seeks relief under 11 U.S.C. § 305(a)(1), which provides that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend proceedings in a case under this title, at any time if – (1) *the interests of creditors and the debtor would be better served by such dismissal or suspension*." 11 U.S.C. § 305(a) (emphasis added)..

"[G]enerally, courts addressing abstention under § 305 consider several factors, including (1) whether another forum is available or there is already pending action in another court; (2) whether the creditor and debtor are actively engaged in an out of court workout; (3) the purpose for which bankruptcy jurisdiction has been sought; (4) whether the bankruptcy will unnecessarily interfere with state or federal regulatory schemes; and (5) the effect the bankruptcy proceeding will have on the debtor's business." *In re Forever Propane Sales & Serv., Inc.*, 597 B.R. 696, 697 (Bankr. S.D. Fla. 2019) (Olson, J.) (citing *FMB Bancshares, Inc. vs. Trapeza CDO XII, Ltd. (In re FMB Bancshares,*

*Inc.)*, 517 B.R. 361, 317 (Bankr. M.D. Ga. 2014)). "Which factors to consider and how much weight shall be given to those factors is at the discretion of the Court and shall be looked at on a case-by-case basis when determining whether abstention is appropriate under § 305(a)." *Id*. at 698. "Whether the 'bankruptcy action is essentially a two-party dispute' is also considered, especially where the creditor can obtain non-bankruptcy relief." *Id*. at 697-98 (quoting *FMB Bancshares*, 517 B.R. at 372).

In *FMB Bancshares*, the bankruptcy court declined to abstain under section 305(a), finding that "[d]ismissal would likely result in a long protracted litigation in a court of general jurisdiction and force [the creditor] to wait even longer for any recovery of its investment." 517 B.R. at 374. Ultimately, the court ruled that it would not be appropriate to "exercise the ***extraordinary power of abstention*** because it is not clear to the Court that both the debtor and creditors would be better served by this Court relinquishing jurisdiction, and the court is not certain that [creditor] could obtain adequate relief in another forum." *Id*. (emphasis added).

### First Factor: The State Court Shareholder Derivative Action is not a Viable Alternative to this Chapter 11 Case Sufficient to Protect the Interests of TUI Bayside and its Creditors

The only pending state court action involving TUI Bayside is between the two competing individual members/managers of TUI Bayside, Michael Eisenberg and Jeffrey Grossfeld; this is Eisenberg's shareholder derivative action commenced against Jeffrey Grossfeld in Miami-Dade County Circuit Court, styled *Michael Eisenberg v. Jeffrey Grossfeld*, case no. 2024-024352-CA-01 (the "Eisenberg Derivative Action"), by which Eisenberg seeks, among other relief, to permanently enjoin Grossfeld from exercising any further control over TUI Bayside. A true and correct copy of the complaint filed in that action (without exhibits) is attached hereto as **Exhibit A**. Eisenberg filed a motion in the Eisenberg Derivative Action to invalidate the deed transferring TUI Bayside's property, located at 11055 North Bayshore Drive, North Miami, Florida 33161 (the "TUI Property"),

to Jockey Development, LLC in April 2025 as an unauthorized *ultra vires* transaction. A true and correct copy of that motion (without exhibits) is attached hereto as **Exhibit B**. The Eisenberg Derivative Action has been stayed by the circuit court due to this chapter 11 case since June 5, 2025, and the court has entered no substantive rulings on the complaint, motion or otherwise. A true and correct copy of the online court docket in the Eisenberg Derivative Action is attached hereto as **Exhibit C**.

The Reorg, LLC foreclosure action against TUI Bayside in Miami-Dade County Circuit Court (case no. 2022-002047-CA-01) was voluntarily dismissed by the plaintiff (mortgagee Reorg, LLC) in May 2025, so it is no longer pending, and it never resulted in a final ruling as to the TUI Bayside ownership or corporate governance issues.

While the Eisenberg Derivative Action does seek a state court determination as to the corporate governance issue raised in this chapter 11 case – *i.e.*, who is the proper manager of TUI Bayside – it *does not* include the direct fraudulent transfer claims brought by TUI Bayside against Jockey Development, LLC on behalf of the bankruptcy estate and creditors under federal bankruptcy and state law in its pending adversary proceeding (no. 25-01172-LMI) (the "TUI Adversary Proceeding"). The Eisenberg Derivative Action also does not involve the creditors of TUI Bayside, who are left to fend for themselves on a disaggregated basis in state court.

The state court has made no substantive rulings in the Eisenberg Derivative Action as to the ownership or management of TUI Bayside, or the validity of the TUI Property deed executed by Grossfeld on behalf of TUI in April 2025. Further, the Eisenberg Derivative Action does not involve TUI Bayside's creditors or an available forum – like this chapter 11 case – for the resolution of claims against TUI Bayside.

In respect of the first section 305(a) abstention factor, the facts and equities clearly favor the Court's maintenance of this chapter 11 case rather than abstention.

### Second Factor: TUI Bayside and its Competing Members/Managers are not Actively Engaged in an Out-of-Court Workout

Neither TUI Bayside, Eisenberg, Grossfeld nor any of the TUI Bayside creditors are engaged in a workout or other endeavor to resolve their competing rights and claims; they need judicial intervention to resolve their disputes.

### Third Factor: Chapter 11 Case Commenced to Provide a Convenient, Efficient, Centralized Forum for Recovery of TUI Property and Resolution of Competing Interests and Claims

Immediately with its chapter 11 filing, TUI Bayside commenced the TUI Adversary Proceeding to recover the TUI Property wrongfully deeded over to Jockey Development, LLC in April 2025, as an unauthorized *ultra vires* transaction executed by Jeffrey Grossfeld without the requisite corporate authority and as a fraudulent transfer (actual and constructive) under applicable federal and state law.

This chapter 11 bankruptcy case and the accompanying TUI Adversary Proceeding were commenced to provide one convenient, efficient and centralized forum to resolve all pending disputes regarding the TUI Property, TUI Bayside ownership and management, and creditor claims. Without this bankruptcy case, the competing creditors and equity members will be forced to pursue their individual rights on a disaggregated and decentralized piecemeal basis in state court. This bankruptcy case clearly provides a more efficient means of a global resolution of all the disputes between the competing interested parties.

### Fourth Factor: Chapter 11 Case will not Interfere with any Federal or State Regulatory Schemes

There are no state or federal regulatory schemes that will be interfered with or affected by the Court's maintenance and administration of this chapter 11 bankruptcy case.

4

### *Fifth Factor: Chapter 11 Case has no Adverse Effect on Debtor's Business*

TUI Bayside is not operating any business; its only assets are its litigation claims to recover the TUI Property, which are actively being prosecuted by the TUI Adversary Proceeding; unlike the Eisenberg Derivative Action or any other pending state court action, the TUI Adversary Proceeding includes fraudulent transfer claims to recover the TUI Property.

### <u>CONCLUSION</u>

As discussed above, this case does not present a simple two-party dispute between Eisenberg and Grossfeld that can be fully adjudicated in state court. There are multiple creditors, with claims totaling at least $500,000 (*see* claims register in this case), whose rights are not subject to the pending Eisenberg Derivative Action and who will be severely prejudiced by dismissal or abstention. TUI Bayside is also pursuing fraudulent transfer claims on behalf of its estate and all creditors and equity holders that are not being pursued in the Eisenberg Derivative Action or otherwise in state court.

For all the foregoing reasons, the preponderance of the section 305(a) abstention factors weigh in favor of the Court maintaining this chapter 11 case, which relief clearly is the better alternative for TUI Bayside and its creditors under section 305(a), and declining to abstain or dismiss at the request of Jeffrey Grossfeld – whose legal fees are being paid by or on behalf of Jockey Development, LLC, the fraudulent transferee of the TUI Property (*see* D.E. 118).

WHEREFORE, Debtor requests that the Court deny the Motion to Abstain and grant such other and further relief that the Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served by Notice of Electronic Filing upon all parties and counsel identified on the CM/ECF service list (identified below), and by first class U.S. mail, postage prepaid, upon all parties and counsel identified on the attached mail service list (creditor matrix), on December 9, 2025.

Dated: December 9, 2025

Respectfully submitted,

MANCUSO LAW, P.A.
*Counsel for Debtor*
Boca Raton Corporate Centre
7777 Glades Road, Suite 100
Boca Raton, Florida 33434
Tel: 561-245-4705
Fax: 561-226-2575
E-mail: ngm@mancuso-law.com

By: /s/ *Nathan G. Mancuso*
Nathan G. Mancuso, Esq.
Florida Bar No. 174254

**CM/ECF Electronic Service List**:

Carmen Contreras-Martinez on behalf of Creditor Jockey Development, LLC
carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;litigationdocketing@saul.com

Carmen Contreras-Martinez on behalf of Defendant Jockey Development, LLC
carmen.contreras-martinez@saul.com, aida.mclaughlin@saul.com;litigationdocketing@saul.com

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Soneet Kapila
trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com

Soneet Kapila on behalf of Trustee Soneet Kapila
trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com

Nathan G Mancuso on behalf of Debtor TUI Bayside LLC
ngm@mancuso-law.com

Nathan G Mancuso on behalf of Plaintiff TUI Bayside LLC
ngm@mancuso-law.com

James B Miller on behalf of Creditor James B. Miller, P.A.
bkcmiami@gmail.com

James B Miller on behalf of Creditor James B. Miller, Esq.
bkcmiami@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Debtor TUI Bayside LLC
lsalazar@coleschotz.com, luis-salazar-
4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@colesch
otz.com;Alee-sin@coleschotz.com;DFernandez@coleschotz.com;EVazquez@coleschotz.com

## Mail Service List (Creditor Matrix):

Label Matrix for local noticing
113C-1
Case 25-16337-LMI
Southern District of Florida
Miami
Thu Oct  9 15:32:53 EDT 2025

James B. Miller, P.A.
19 West Flagler Street
Suite 416
Miami, FL 33130-4419

TUI Bayside LLC
520 Bay Point Rd.
Miami, FL 33137-3304

GrayRobinson, P.A.
333 S.E. 2nd Ave., Ste. 3200
Miami, FL 33131-2191

James B. Miller, P.A.
Attn: James B. Miller, Esq.
19 W. Flagler St., Ste. 416
Miami, FL 33130-4419

Marie Grossfeld
1000 Quayside Terr., Apt. 1107
Miami, FL 33138-2218

Mark Migdal & Hayden LLC
Attn: Jose M. Ferrer, Esq.
80 SW 8th Street, Suite 1999
Miami, FL 33130-3036

Miami-Dade County
444 W 2nd Ave., 5th Floor
Miami, FL 33130-1910

(p)MIAMI DADE COUNTY CREDIT & COLLECTIONS
ATTN LEGAL SECTION
STEPHEN P CLARK CENTER
111 NW 1ST STREET 26TH FLOOR
MIAMI FL 33128-1902

(p)MIAMI DADE COUNTY TAX COLLECTOR
ATTN WENDY MONTOYA
200 NW 2ND AVENUE
MIAMI FL 33128-1733

Miami-Dade County Unsafe Structures Bd.
11805 SW 26th St.
Miami, FL 33175-2464

Michael Feldman
1424 NE Miami Pl.
Miami, FL 33132-1368

Michael Feldman
25 SE 2nd Ave., Ste. 550
PMB 480
Miami, FL 33131-1601

Michael Feldman
600 NE 27th St., PH3
Miami, FL 33137-5203

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Reorg LLC
201 Alhambra Cir., Ste. 1205
Miami, FL 33134-5150

Sanchez-Medina, Gonzalez, Quesada, et al
Attn: Mitchell Mandler, Esq.
201 Alhambra Cir.
Miami, FL 33134-5150

Saul Ewing LLP
Attn: Juan C. Martinez, Esq.
701 Brickell Ave., 17th Floor
Miami, FL 33131-2813

Twig, Trade & Tribunal, PLLC
Attn: Morgan Weinstein, Esq.
1512 E. Broward Blvd., Ste. 204A
Fort Lauderdale, FL 33301-2126

James B. Miller, Esq.
James B. Miller, P.A.
19 West Flagler St. Suite416
Miami, Fl 33130-4419

Luis Salazar Esq.
2121 SW 3rd Avenue - Ste. 200
Miami, FL 33129-1458

Nathan G Mancuso
7777  Glades Rd # 100
Boca Raton, FL 33434-4150

Soneet Kapila
www.kapilatrustee.com
PO Box 14213
Ft Lauderdale, FL 33302-4213

**EXHIBIT A**

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

MICHAEL EISENBERG, derivatively as a member of TUI Bayside, LLC, a Florida limited liability company,

      Plaintiff,

v.

JEFFREY GROSSFELD, an individual, and a member and manager of TUI Bayside, LLC, a Florida limited liability company,

      Defendant(s).

and

TUI Bayside, LLC, a Florida limited liability company,

      as Nominal Defendant.

    :
    :
    :
    :
    :
    :

## SHAREHOLDER DERIVATIVE COMPLAINT FOR LEGAL AND EQUITABLE RELIEF

**COMES NOW**, Plaintiff **Michael Eisenberg**, derivatively as a member of TUI Bayside, LLC, a Florida limited liability company, by and through undersigned counsel, who bring an action against Defendant **Jeffrey Grossfeld**, individually and as a member and manager of TUI Bayside, LLC and **TUI Bayside, LLC**, a Florida limited liability company, as nominal Defendant who, in support for its legal and equitable claims for affirmative relief, alleges the following:

## GENERAL ALLEGATIONS

1. This is an action at law for damages and for equitable relief and for the issuance of an injunction that is within the jurisdiction of this Court, exclusive of court costs, pre-judgment interest, and reasonable attorney's fees.

2. The Plaintiff is an individual who holds a majority 70% membership interest in TUI Bayside, LLC, a Florida limited liability company (hereinafter referred to as "TUI Bayside").

3. Defendant Jeffrey Grossfeld (hereinafter referred to as "Grossfeld") is an individual who holds

1

a 30% minority interest in TUI Bayside, LLC, a Florida limited liability company.

4. Nominal Defendant TUI Bayside, LLC (hereinafter referred to as the "TUI Bayside") is a Florida limited liability company which maintains its principal place of business in Miami-Dade County, Florida.

5. On or about April 25, 2018, Kevin Grossfeld, a non-party hereto who the Plaintiff presumes is a relative of Grossfeld, established and formed TUI Bayside by and through the filing of Electronic Articles of Organization for Florida Limited Liability Company with the Florida Secretary of State that designated Grossfeld as the manager of TUI Bayside.

6. Upon information and belief, Grossfeld held a 100% membership interest in TUI Bayside to the exclusion of any other entity or individual from the time of its formation through at least December 2023.

7. On or about February 22, 2019, Grossfeld, in his capacity as Manager of TUI Bayside, executed a Promissory Note for the principal sum of $600,000.00 in favor of Reorg, LLC, a non-party to these proceedings, for purposes of obtaining funds for the purpose of acquiring a certain parcel of vacant land located in situated in Miami-Dade County, Florida located at 11055 North Bayshore Drive, North Miami, Florida 33161 (hereinafter referred to as the "Property").

8. As an element of the above referenced loan transaction, Grossfeld, on behalf of TUI Bayside, executed a Mortgage and Security Agreement in favor of Reorg, LLC which pledged the Property as collateral for repayment of aforementioned Promissory Note and that was recorded on March 2, 2019 in the Public Records of Miami-Dade County, Florida at Official Records Book 31349, Page 4011.

9. Upon the funding of this transaction, Reorg, LLC remitted the principal sum of $600,000.00 to TUI Bayside for which approximately $440,000.00 was utilized for the purchase of the Property and approximately $150,000.00 was transferred to an entity owned or controlled by Grossfeld.

10. On or about March 2, 2019, TUI Bayside acquired ownership of and title to a certain parcel of vacant land located in situated in Miami-Dade County, Florida located at 11055 North Bayshore Drive, North Miami, Florida 33161 (hereinafter referred to as the "Property") upon the recordation of a Special/Limited Warranty Deed in the Public Records of Miami-Dade County, Florida at Official Records Book 31349, Page 4002.

11. On December 18, 2023, the Plaintiff and Grossfeld entered into a Membership Interest

2

Purchase Agreement (hereinafter referred to as the "Purchase Agreement") wherein the Plaintiff agreed to purchase from Grossfeld and Grossfeld agreed to sell to the Plaintiff a majority 70% membership interest in TUI Bayside in exchange for the purchase price of $350,000.00. The Plaintiff attaches a true and correct copy of the Purchase Agreement as fully executed by the parties hereto and makes the same a part hereof as Plaintiff's Exhibit "A".

12. As more fully set forth in the Purchase Agreement, at Section 1.1 entitled "Purchase & Sale", said agreement required that the Plaintiff remit the sum of $350,000.00 to Grossfeld to obtain 350 [Membership] Units of TUI Bayside, and offered the Plaintiff the right to purchase an additional 100 [Membership] Units of TUI Bayside at the pre-set strike price of $1,000.00 per Membership Unit which would bring the Plaintiff's total ownership stake in TUI Bayside to 450/500 [Membership Units].

13. From December 14, 2023 through December 19, 2023, the Plaintiff remitted the sum of $347,200.00 to Grossfeld, as remitted at Grossfeld's request to his relative Richard Grossfeld, by wire transfer, thereby conveying and transferring to the Plaintiff a majority 70% Membership Interest in TUI Bayside. The Plaintiff attaches an Excel Spreadsheet which evidences his transfer of the sum of $347,200.00 to Grossfeld and/or individuals to who Grossfeld directed the Plaintiff to transfer said funds to, and which substantiates that the Plaintiff complied with and fulfilled his obligation to pay said sum to Grossfeld as a conditions precedent to his acquisition of a majority interest of 70% in TUI Bayside.

14. Further, from April 17, 2024 through April 25, 2024, the Plaintiff remitted an additional $40,000.00 to Grossfeld, as remitted at Grossfeld's request to his spouse Patricia Grossfeld, thereby bringing the total amount that the Plaintiff remitted to Grossfeld to $387,200.00, in exchange for his obtaining his current majority 90% ownership interest in TUI Bayside. The Plaintiff attaches an Excel Spreadsheet which evidences his transfer of the sum of $347,200.00 to Grossfeld and/or individuals to who Grossfeld directed the Plaintiff to transfer said funds to, and which substantiates that the Plaintiff complied with and fulfilled his obligation to pay said sum to Grossfeld as a conditions precedent to his acquisition of a majority interest in TUI Bayside and makes the same a part hereof as Plaintiff's Exhibit "B".

15. Upon the parties execution of the Purchase Agreement and the Plaintiff's remittance of the purchase price of $387,200.00 to Grossfeld or individuals to who Grossfeld directed the Plaintiff to remit payment to by wire transfer, the Plaintiff acquired his current majority membership interest of 90% in TUI Bayside, with Grossfeld retaining a minority 10% interest

in the company.

16. In conformity with the provisions contained in Paragraph 1.1 of the Purchase Agreement, Grossfeld remained in his position as Manager of the company and said provision contractually bound Grossfeld to having to keep the Plaintiff fully informed of all relevant activities and decisions made in the ordinary course of business of the company.

17. An essential element of Grossfeld's duties and obligations to TUI Bayside as its Manager included Grossfeld continuous and direct supervision and administration over the Property and to preserve and protect the Property for both its subsequent development and eventual sale to a third-party purchaser, for value.

18. As such, Grossfeld, as Manager of TUI Bayside, was charged with protecting the Property from diminution in its value and to safeguard the Property and take all necessary action to enhance the value of the Property and make the Property attractive for both development and sale.

19. Following his acquisition of majority ownership interest in the company, Grossfeld became delinquent in the discharge of his duties to TUI Bayside and engaged in a blatant and obvious pattern of mismanagement of the company that resulted in the company sustaining damage to its value and to its ongoing business operations.

20. An important aspect of the Property and its development and eventual sale pertained to an easement encroaching the Property which required that Grossfeld, as Manager of TUI Bayside, to take affirmative action to resolve the easement issue for the betterment of the Property and benefit of the company.

21. Despite an overriding need to resolve the easement issue, Grossfeld became derelict in his duties as Manager to the company by failing to take affirmative steps resolve the easement issue which has caused the company to sustain injury by and through the diminution of the value of the Property and its attractiveness to potential purchasers.

22. To date, the easement issue remains unresolved even though Grossfeld knows or should know that it remains his responsibility, primarily and principally as Manager of TUI Bayside, to take all necessary and appropriate steps to resolve this concrete and identifiable matter which negatively effects the Property particularly and damages the company overall.

23. Another important aspect of Grossfeld's responsibilities as Manager of TUI Bayside involves his ensuring a means of egress to the Property from an adjacent artery, namely 110th Street, a public access road abutting the Property.

4

24. Despite his requirement to ensure a means of egress to the Property from 110th Street, to date, there exists no means of egress to the Property from 110th Street and it appears that Grossfeld has failed to discharge this aspect of his management of TUI Bayside to the extreme detriment of the company.

25. Another failure attributable to Grossfeld and his gross mismanagement of TUI Bayside is the fact that the Property and title to the Property has been slandered by and through the recording of a Mortgage Deed against the Property in the Public Records of Miami-Dade County, Florida, which now acts as an encumbrance on the title and marketability of the Property.

26. Specifically, on November 1, 2024, Michael Feldman, a non-party to these proceedings, recorded a Mortgage Deed against the Property in the Public Records of Miami-Dade County, Florida at Official Records Book 34472, Page 2506 and the Plaintiff attaches a true and correct copy of said Mortgage Deed hereto and makes the same a part hereof as Plaintiff's Exhibit "C".

27. As indicated on the face of this Mortgage Deed, Grossfeld, in his capacity as Manager of TUI Bayside, appears to have borrowed the sum of $150,000.00 from Michael Feldman and pledged the Property as collateral and security for the repayment of this amount.

28. While the Plaintiff is unaware as to whether Grossfeld is current or delinquent regarding the repayment of the principal balance set forth in the Mortgage Deed, under no circumstances should Grossfeld allowed to pledge the Property as collateral and security for this indebtedness and, by doing so, Grossfeld has exposed the Property to potential foreclosure and damaged the company.

29. Most egregiously, Grossfeld has failed to resolve or settle an action that Reorg, LLC commenced on or about February 2, 2022 to foreclose its secured interest in the Property.

30. Reorg, LLC's commencement of the civil action entitled *Reorg, LLC v. TUI Bayside, LLC*, Miami-Dade County Circuit Court Case No. 22-2047 CA 09 (Honorable Pedro P. Echarte, Jr, Presiding) arose as a direct and proximate result of Grossfeld's failure to keep current with TUI Bayside's financial obligations to repay the above referenced Promissory Note in a timely manner.

31. Due to Grossfeld's failure to resolve or settle the above reference foreclosure action, on November 21, 2024 Reorg, LLC obtained a Final Judgment of Foreclosure that awarded Reorg, LLC approximately $1.250 Million in damages and that has set the Property for public auction to the highest bidder for cash on February 19, 2025. The Plaintiff attaches a true and correct

copy of said final judgment of foreclosure hereto and makes the same a part hereof as Plaintiff's Exhibit "D".

32. Astonishingly, during the pendency of the above referenced foreclosure action, on July 24, 2023 Grossfeld caused to be filed by James B. Miller, Esq., an attorney under the dominion and control of Grossfeld, a Voluntary Petition for Chapter 11 Relief under the US Bankruptcy Code in the matter of *In re: TUI Bayside, LLC*, United States Bankruptcy Court Case No. 23-15731-CLC (Chapter 11) (hereinafter referred to as the "Chapter 11 Case").

33. It appears that the above referenced Chapter 11 Bankruptcy Petition was filed by Grossfeld in the Chapter 11 case not for legitimate means but as a stall tactic intended to thwart and delay Reorg, LLC's prosecution of its foreclosure action against the Property.

34. On August 18, 2023, Reorg, LLC filed a Motion for Entry of an Order Dismissing [TUI Bayside]'s Chapter 11 Case with Prejudice asserting that the filing of the Chapter 11 was done in "bad faith" and was subject to dismissal "for cause" and arguing that the entire case was filed for an "improper purpose" and an improper litigation tactic to "avoid foreclosure" [upon the Property]. The Plaintiff attaches Reorg, LLC's Motion for Entry of an Order Dismissing [TUI Bayside]'s Chapter 11 Case with Prejudice hereto and makes the same a part hereof as Plaintiff's Exhibit "E".

35. Just six (6) days after Reorg, LLC filed the above cited motion in the Chapter 11 Case, on August 28, 2023, Attorney James B. Miller moved to withdraw from his further representation of TUI Bayside in the aforementioned bankruptcy case, on an expedited basis no less, citing that "communication issues" required his withdrawal as counsel for TUI Bayside in the Chapter 11 Case.

36. Interestingly, at no time before the entry of the Final Judgment of Foreclosure rendered against TUI Bayside on November 21, 2024 did James B. Miller seek or obtain an order of withdrawal from his representation of TUI Bayside in the Reorg, LLC foreclosure action.

37. Ultimately, the Honorable Corali Lopez-Castro entered an order which dismissed the Chapter 11 Case due to the failure of Grossfeld to appear at the 341 Meeting of Creditors scheduled in the matter. The Plaintiff attaches a true and correct copy of the Order Dismissing Case entered in the Chapter 11 Case hereto and makes the same a part hereof as Plaintiff's Exhibit "F".

38. The Plaintiff strongly suspects that Grossfeld, in conjunction with James B. Miller, abused the bankruptcy process by and through the filing of the Chapter 11 Case which was filed not for good faith and legitimate bases but instead for improper purposes and to delay and frustrate

Reorg, LLC's foreclosure action against the Property.

39. Yet another example of Grossfeld's gross mismanagement of TUI Bayside is the fact that because Grossfeld failed to timely file an annual report with the Florida Secretary of State on behalf of TUI Bayside, the Florida Secretary of State administratively dissolved the company for its failure to file an annual report in 2022 or 2023.

40. But for the Plaintiff reaching into his pocket and paying the requisite fee to the Florida Secretary of State required to reinstate TUI Bayside on May 10, 2024, the company would still be in an administratively dissolved and inactive status. The Plaintiff attaches a true and correct copy of the 2024 Florida Limited Liability Company Reinstatement that evidences the reinstatement of TUI Bayside, LLC as an active Florida limited liability company as of its filing on May 10, 2024 hereto and makes the same a part hereof as Plaintiff's Exhibit "G".

41. Notwithstanding the Plaintiff having to "clean up the mess" made by Grossfeld in his failure to keep TUI Bayside in an active status with the Florida Secretary of State, on October 9, 2024 Grossfeld filed an amended annual report which lists him as the Manager of TUI Bayside and that lists the company's current principal place of business as 520 Bay Point Road, Miami, Florida 33137. The Plaintiff attaches a true and correct copy of the 2024 Florida Limited Liability Company Amended Annual Report that Grossfeld filed with the Florida Secretary of State on October 9, 2024 hereto and makes the same a part hereof as Plaintiff's Exhibit "H".

42. It must be noted that 520 Bay Point Road, Miami, Florida 33137, a residential address, is not the principal place of business for the company but rather Grossfeld's former place of abode for which he was forcibly evicted from by the Miami-Dade Police Department on August 12, 2024 in the civil eviction action entitled *C V Funding, LLC v. Jeffrey Grossfeld*, Miami-Dade County Court Case No. 23-13016 CC 05 (04).

43. The very fact that Grossfeld would use an invalid address as the company's principal place of business underscores Grossfeld's gross mismanagement of TUI Bayside and his sheer incompetence and lack of capacity to serve as the company's Manager under any set of circumstances.

44. Beyond the above defalcations, Grossfeld continues to expose TUI Bayside to certain and extensive liability in and through the decision to appeal the Final Judgment of Foreclosure entered in favor of Reorg, LLC and against TUI Bayside, LLC.

45. Specifically, on December 20, 2024, Morgan Weinstein, Esq, an attorney who the Plaintiff presumes is under the control and dominion of Grossfeld, filed a Notice of Appeal on behalf

of TUI Bayside that seeks appellate review of the Final Judgment of Foreclosure which was entered against the company on November 21, 2024 and that has scheduled the Property for foreclosure sale on February 19, 2025.

46. As if it was not damaging enough to TUI Bayside that Reorg, LLC has the contractual right to seek and recover substantial costs and attorney's fees from the company which Reorg, LLC incurred in the prosecution of its foreclosure against the Property at the trial court level, an unsuccessful appeal of the foreclosure final judgment entered in favor of Reorg, LLC and against TUI Bayside may end up exposing the company to an award of appellate cost and attorney's fees.

47. No doubt exists that Grossfeld has owed and continues to owe a duty of loyalty to act in the best interests of TUI Bayside as well as having a fiduciary duty to faithfully execute his duties as Manager of TUI Bayside.

48. As a direct and proximate result of Grossfeld's wrongful acts as more fully set forth above, Grossfeld has damaged the company and negatively impacted the ability of the company to discharge its debt obligations in an orderly and proper fashion.

49. The defalcations and mismanagement perpetrated by Grossfeld evidence Grossfeld has engaging in a course of conduct detrimental to the orderly management of TUI Bayside.

50. It is evident that Grossfeld's wrongful actions were done in bad faith, did not promote the best interests of the company, and have resulted in loss or damage to the company.

51. No question exists that the above cited conduct evidence that Grossfeld has engaged acts and omissions which are contrary to the best interests of TUI Bayside.

52. The Plaintiff has a reasonable and well-founded fear that Grossfeld will continue to abuse his authority as an officer of TUI Bayside absent his bringing this action and seeking judicial intervention to preclude and prohibit Grossfeld from taking such harmful and deleterious action.

53. While Chapter 605, Florida Statutes requires a member to made demand upon any other member or manager who has engaged in conduct harmful to the company to cease and desist in engaging in such wrongful behavior, it is futile for the Plaintiff to make such a statutory demand given that Grossfeld refuses to act in the best interests of TUI Bayside and continues to engage in a reckless and destructive course of conduct against the company and its best interests.

54. The Plaintiff maintains that irreparable injury to TUI Bayside is threatened and is being

suffered as a result of the above referenced wrongful acts.

55. Grossfeld has abused his position as a member in and manager of TUI Bayside to mismanage TUI Bayside deliberately and intentionally to the disadvantage and detriment of both the Plaintiff and TUI Bayside as a whole.

56. As a constant and direct result of the corporate mismanagement and misconduct perpetrated by Grossfeld in his capacity as manager, TUI Bayside stands to lose significant corporate earnings, revenues, and profits.

57. This pattern of mismanagement and misconduct has deprived TUI Bayside and its members of rightfully earned corporate dividends, earnings, and income.

58. The immediate and unmediated danger of Grossfeld continuing to damage and subvert the business affairs and interests of TUI Bayside threatens the very existence of the enterprise.

59. TUI Bayside faces certain and definite collapse should Grossfeld remain in his position of actual, apparent or constructive authority over the course of conduct of TUI Bayside.

60. As a direct and proximate result of Grossfeld's wrongful conduct in the discharge of his official duties, TUI Bayside has suffered and continues to suffer the loss of revenue and the magnitude of that loss will increase significantly if Grossfeld is not prevented and enjoined from continuing such misconduct.

61. The Plaintiff and TUI Bayside, to which The Plaintiff is a member, has suffered and continues to suffer immediate and irreparable injury, loss, and damage as a result of Grossfeld's misconduct and will continue to suffer irreparable harm unless Grossfeld is enjoined from engaging in his reckless and wanton pattern of conduct that has no rational relationship to the good governance of TUI Bayside:

62. As a result of Grossfeld's pattern of wrongful and damaging conduct perpetrated against TUI Bayside, The Plaintiff reserves the right to seek imposition of exemplary damages against Grossfeld.

63. The Plaintiff has complied with all conditions precedent incident to the filing, maintenance and prosecution of this action or such conditions precedent have occurred or been waived or excused.

64. The Plaintiff has no adequate remedy at law in the event that Grossfeld continues in his reckless and harmful course of conduct and severely damages and undermines the existence of TUI Bayside.

65. The Plaintiff has retained the undersigned attorney to prosecute its equitable and legal claims

9

against Grossfeld and has agreed to pay a reasonable attorney's fee and costs for maintenance of the action.

66. As such, The Plaintiff remains entitled to recover its reasonable attorney's fees from Grossfeld.

## COUNT I—ISSUANCE OF TEMPORARY INJUNCTION AGAINST DEFENDANT JEFFREY GROSSFELD

The Plaintiff re-alleges the allegations set forth in paragraphs 1 through 66 above as if fully set forth herein.

67. Grossfeld has engaged in an intentionally reckless and harmful course of conduct aimed at damaging and subverting the continued existence of TUI Bayside and designed to undermine the financial fitness and solvency of the business.

68. Grossfeld has perpetrated acts of corporate defalcation, malfeasance and waste as more fully set forth above and below.

69. Grossfeld has undertaken this intentional and purposeful course of action to undermine the future and present business functions of TUI Bayside.

70. Presently, Grossfeld continues in his reckless and harmful course of conduct by engaging in acts of sabotage and subterfuge as more fully set forth above.

71. The Plaintiff grounds its application for the issuance of an injunction against Grossfeld to prevent him from taking actions detrimental to the business administration, management, and operation of TUI Bayside:

- Immediate and irreparable injury, loss or damage will result to the future and present business operations and the very existence of TUI Bayside in the event that Grossfeld does not cease in his pursuit of a reckless and harmful course of conduct aimed at the enterprise.

72. It is extremely remote and highly unlikely that the mere filing of this action for affirmative relief at law will provide The Plaintiff and TUI Bayside an adequate remedy or discourage or prevent Grossfeld from continuing to engage in his reckless and harmful course of conduct against TUI Bayside.

73. There is a substantial likelihood that the Plaintiffs will prevail in this action on the merits in light of the overwhelming weight of evidence that demonstrates and enumerates the acts of corporate defalcation and subterfuge committed against TUI Bayside by Grossfeld.

74. There is a strong public consideration in favor of restraining Grossfeld from perpetrating further acts of corporate defalcation and subterfuge given that TUI Bayside presently utilizes the sole parcel of real property owned by and titled to the company as a residential rental

10

property which has been leased/rented to tenants who are members of the community.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter a temporary injunction against the Defendant Jeffrey Grossfeld which enjoins his from committing or attempting to commit the following:

A. Asserting any dominion or control over the administration, management, or operation of TUI Bayside, LLC, including but not limited or taking any other action or conduct related to the business without further Court Order.

B. Contacting or attempting to contact the Plaintiff whether verbally, telephonically, in writing or through third parties, regarding any issue or matter related to the administration, management or operation of TUI Bayside, LLC.

C. Assigning, pledging, selling, transferring, or otherwise disposing of any asset of the enterprise, including but not limited to the membership interest that Grossfeld holds in the company, or any other entity or individual, or borrowing against the credit of the enterprise without further Court Order.

D. Designating and approving the nomination of the Plaintiff as Manager of TUI Bayside based upon his holding a majority ownership interest in the company and possessing plenary authority over the business affairs and administration of TUI Bayside, to the exclusion of Grossfeld or any entity or individual claiming to serve under the aegis or authority of Grossfeld.

E. The Plaintiff further demands judgment against the Grossfeld for damages caused as a result of his purposeful and wanton conduct, plus an award of costs expended and reasonable attorney's fees, and such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II—DERIVATIVE ACTION AGAINST DEFENDANT JEFFREY GROSSFELD

The Plaintiff re-alleges paragraphs 1 through 66 as if fully set forth herein and further alleges:

75. The Plaintiff brings this member derivative action in the right of TUI Bayside to seek redress against Grossfeld pursuant to Florida Statute § 605.0802.

76. The Plaintiff is, and at all times material to the transactions complained of herein, was a member of TUI Bayside by virtue of its holding a majority 70% membership interest in the company.

77. TUI Bayside has sustained actual damages due to the wanton and willful misconduct and recklessness committed by Grossfeld, individually and in his capacity as a member and

11

manager of TUI Bayside.

78. Upon uncovering the blatant pattern of wrongful conduct perpetrated by Grossfeld against the business affairs and interests of TUI Bayside, the Plaintiff has chosen to forego making any demand upon TUI Bayside's Board of Directors to institute an action on behalf of the corporation against Grossfeld to enjoin or prevent the continued pattern of willful misconduct and recklessness because lodging such demand would be impractical, unreasonable, and futile by reason of the hostile interests held by Grossfeld and his conscious and deliberate participation in the blatant pattern of wrongful conduct directed toward TUI Bayside, and the fear that Grossfeld would further damage and subvert TUI Bayside and its business interests, functions and affairs.

79. Only the issuance of an injunction against Grossfeld will prohibit and enjoin Grossfeld from perpetrating in his pattern of wrongful conduct against the business affairs and interests of TUI Bayside and can prevent TUI Bayside from sustaining incurable harm and irreparable injury.

80. The Plaintiff remains entitled to an award of reasonable attorney's fees in its favor and against Grossfeld for the maintenance and prosecution of this action.

**WHEREFORE**, the Plaintiff, derivatively as a member and on behalf of TUI Bayside, LLC demands judgment against Grossfeld for damages sustained by TUI Bayside, and the imposition of an injunction enjoining the continued pattern of willful misconduct and recklessness that Grossfeld has perpetrated against TUI Bayside, along with award of costs expended and reasonable attorney's fees, and such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III—BREACH OF FIDELITY, LOYALTY, AND FIDUCIARY DUTY AGAINST DEFENDANT JEFFREY GROSSFELD

The Plaintiff re-alleges paragraphs 1 through 66 as if fully set forth herein and further alleges:

81. The Plaintiff, as a member of TUI Bayside and on behalf of TUI Bayside, brings this action in the right of TUI Bayside seeking to hold Grossfeld directly and personally liable to TUI Bayside for the actual damages sustained by TUI Bayside due to the wanton and willful misconduct and recklessness that Grossfeld has committed against TUI Bayside as Manager of TUI Bayside.

82. As an officer of TUI Bayside, Grossfeld has expressly and impliedly agreed to give the company the benefit of his best care and judgment and to exercise his powers in the best interest of the company and its members.

12

83. As a fiduciary of the corporation, Grossfeld owes a fiduciary obligation toward the corporation and its stockholders and directors that includes <u>fidelity, loyalty, and the utmost faith to TUI Bayside.</u>

84. Florida Statute § 605.04091 requires that members and managers of Florida limited liability companies owe fiduciary duties of loyalty and care to the LLC and the members of the LLC.

85. While Florida Statute § 605.04096 provide the managers and members of Florida LLC's broad freedom from liability from money damages for policy decisions, action, or failures to act, when a member derives an improper benefit or commits other wrongdoing, the offending member becomes liable for money damages caused by his or her commission of wrongdoing or deriving an improper benefit.

86. TUI Bayside has sustained actual damages due to the wanton and willful misconduct and recklessness that Grossfeld has committed against TUI Bayside in his capacity as a member in and manager of the company.

87. Only the issuance of an injunction against Grossfeld that enjoins and prohibits his continued breach of fidelity, loyalty, and fiduciary duty toward TUI Bayside can prevent TUI Bayside from sustaining incurable harm and irreparable injury.

**WHEREFORE**, the Plaintiff, as a member and on behalf of TUI Bayside, LLC, demands judgment against Grossfeld, individually and personally, for damages caused to TUI Bayside by the breach of fidelity, loyalty and fiduciary duty, and for the imposition of an injunction enjoining and prohibiting his continued breach of fidelity, loyalty, and fiduciary duty to TUI Bayside along with an award of costs expended and reasonable attorney's fees, and such other and further relief as the Court deems just and proper under the circumstances.

*Respectfully submitted on behalf of the Plaintiff by,*

YORMACK LAW
*For the Plaintiff*
121 Alhambra Plaza—Suite 1500
Coral Gables, Florida 33134
Telephone: (786) 634-6055
Primary/Service E-Mail Address:
adam@yormacklaw.com

By: _____ /s/ _____
      ADAM J. YORMACK, ESQ.
      Florida Bar Number 10320

**EXHIBIT B**

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 24-24352 CA 09

MICHAEL EISENBERG, derivatively as         :
a member of TUI Bayside, LLC, a Florida    :
limited liability company,                 :
                                           :
        Plaintiff,                         :
v.                                         :
                                           :
JEFFREY GROSSFELD, an individual,          :
and a member and manager of TUI Bayside,   :
LLC, a Florida limited liability company,  :
                                           :
_____Defendant(s)._____ :

**PLAINTIFF'S MOTION TO INVALIDATE UNLAWFUL GENERAL WARRANTY**

**DEED AND TO NULLIFY UNAUTHORIZED TRANSFER OF LLC PROPERTY**

**COMES NOW**, Plaintiff **Michael Eisenberg**, derivatively as Majority Member and
Manager of TUI Bayside, LLC, a Florida limited liability company, by and through undersigned
counsel, respectfully moves this Honorable Court to Invalidate an Unlawful General Warranty
Deed Executed by Defendant Jeffrey Grossfeld and to Nullify the Unauthorized Transfer of LLC
Property by the Defendant and, as grounds in support thereof, the Plaintiff argues as follows:

**JURISDICTION, VENUE AND THE PARTIES**

1. This is an original action within the subject matter jurisdiction of the Circuit Court and that
   pertains to the internal administration, control, and management of TUI Bayside, LLC, a
   Florida limited liability company (hereinafter referred to as "TUI Bayside" formed by and
   governed under Chapter 605, Florida's Revised Limited Liability Act.

2. The Plaintiff, who is a Member of TUI Bayside holding a majority of the membership
   interests of TUI Bayside, commenced the instant action by and through the filing of a
   Complaint against Grossfeld on December 23, 2024.

3. The Plaintiff acquired a majority of the membership interests in TUI Bayside by virtue of the
   Plaintiff entering into a Membership Interest Purchase Agreement dated December 18, 2023

1

with Grossfeld, who offered to sell 70% of his 100% membership interest in TUI Bayside to the Plaintiff in exchange for $350,000.00.

4. The Plaintiff remitted to Grossfeld the agreed upon sum of $350,000.00 as set forth in the Membership Interest Purchase Agreement and ultimately remitted the sum of $391,750.00 to Grossfeld, or to members of his family per his direction, between December 14, 2023 through April 25, 2024.

5. Based upon the Plaintiff's remittance of $391,750.00 to Grossfeld pursuant to the Membership Interest Purchase Agreement, the Plaintiff presently holds in excess of 70% of the membership interests of TUI Bayside and, accordingly, the Plaintiff is the majority member of TUI Bayside to the exclusion of Grossfeld or any other entity or individual.

6. As of the date of this motion, there are only two (2) members of TUI Bayside, the Plaintiff, who holds in excess of 70% of the membership interests of TUI Bayside and Grossfeld, who holds a minority interest in the LLC.

7. The Plaintiff has brought this action derivatively as a member of TUI Bayside and has asserted the following three (3) affirmative claims for relief against Grossfeld:

- Count I—Issuance of Temporary Injunction against Defendant;

- Count II—Derivative Action against Defendant; and

- Count III—Breach of Fidelity, Loyalty, and Fiduciary Duty against Defendant

8. On February 14, 2024, the Plaintiff perfected service of process upon the Defendant thereby subjecting Grossfeld to the Court's exercise of personal jurisdiction over him.

9. On March 20, 2024 Grossfeld filed and served a 'pro se' Answer to the Plaintiff's Complaint thereby closing the pleadings in this action.

10. The Plaintiff has commenced this action and requests the relief requested herein to protect and safeguard TUI Bayside from a blatant, continuous, and disturbing pattern of mismanagement that Grossfeld has perpetrated while serving as Manager for TUI Bayside.

11. Grossfeld, in the discharge of his duties and obligations as Manager of TUI Bayside, owes a duty of loyalty to act in the best interests of TUI Bayside as well as having a fiduciary duty to faithfully execute his duties as an officer of TUI Bayside.

12. In the ordinary course of the discharge of his duties and responsibilities to TUI Bayside as its Manager, Grossfeld has undertaken the following defalcations that are contrary and detrimental to the good governance of TUI Bayside:

- Grossfeld entered into a loan transaction with a third party lender wherein this lender loaned TUI Bayside the principal sum of $600,000.00 for which Grossfeld utilized approximately $440,000.00 of these proceeds to acquire the sole asset of the LLC, a parcel of vacant land located and situated in Miami-Dade County, Florida with a street address of 11055 North Bayshore Drive, North Miami, Florida 33166 (hereinafter referred to as the "Jockey Club Property") and directed the lender to transfer approximately $150,000.00 of these proceeds to an entity that he owned or controlled.

- Upon information and belief, Grossfeld pocketed $150,000.00 of the above loan proceeds for his own aggrandizement for which Grossfeld has never accounted for in any way or manner.

- As conclusively established on the record during the proceedings in the civil action entitled *Reorg, LLC v. TUI Bayside, LLC*, Miami-Dade County Circuit Court Case No. 22-2047 CA 09 (hereinafter referred to as the "Foreclosure Action"), TUI Bayside, all the while under the dominion and control of Grossfeld, failed to remit a single payment to the above-named lender.

- Due to the default of TUI Bayside to abide by or comply with the provision of the Promissory Note and Mortgage and Security Agreement underlying the above referenced loan transaction, Reorg, LLC, in its capacity as lender and mortgage holder, foreclosed on the Jockey Club Property by commending and prosecuting the Foreclosure Action.

- Ultimately, Grossfeld's ill-advised decision to defend the Foreclosure Action by asserting a series of affirmative defenses which ultimately proved to be factually and legally infirm and insufficient, unsuccessful resulted in the lender obtaining Final Judgment of Foreclosure against the Jockey Club Property on November 21, 2024.

13. As a direct and proximate result of Grossfeld's wrongful act set forth above, Grossfeld damaged the company and negatively impacted the ability of the company to discharge its debt obligations in an orderly and proper fashion.

14. The defalcations and mismanagement perpetrated by Grossfeld evidence that he has engaged

3

in a course of conduct detrimental to the orderly management of TUI Bayside.

15. Relying on his majority membership interest and authority derived therefrom, on March 4, 2025, the Plaintiff executed a Resolution by Majority Written Consent of Members Under Florida Statute § 605.04073 (1) (c) & (4) which removed Grossfeld as Manager of TUI Bayside, which elevated the Plaintiff to Manager of the company, and that prohibited Grossfeld from participating in the governance, management, and operations of TUI Bayside.

16. Notwithstanding the Plaintiff taking the extraordinary but permitted act of removing Grossfeld as Manager of TUI Bayside and prohibiting him from participating in the governance, management and operations of TUI Bayside, LLC, Grossfeld remains undaunted and continues to exercise dominion and control over the company notwithstanding his having been removed as Manager and his holding a mere minority membership interest in the company, which is subordinate and inferior to the Plaintiff's majority membership interest.

17. On April 22, 2025, the Plaintiff filed and served a Verified Motion for Issuance of Temporary Injunction against Defendant that seeks to enjoin and prohibit Grossfeld from continuing in his damaging and wrongful course of conduct and his continuing to engage in conduct detrimental to the good governance and best interests of the company.

18. While the Plaintiff moved the Court to advance this motion on its calendar on an emergency basis, the Court has requested that the motion be placed on its special appointment calendar and presently the motion is tentatively scheduled for hearing on Friday, May 30, 2025 at 4:00 PM.

19. Unbeknownst to the Plaintiff, and upon information and belief, Grossfeld furtively and surreptitiously colluded and conspired with Reorg, Inc., the lender which commenced the Foreclosure Action, expended in excess of $150,000.00 in out-of-pocket costs and attorney's fees to prosecute the Foreclosure Action and ultimately obtained a Final Judgment of Foreclosure against the Jockey Club Property, as part of a scheme to defraud the Plaintiff and to convey and transfer the Jockey Club Property from TUI Bayside to another entity for less than equivalent value in exchange for the conveyance and transfer of the company's sole asset.

20. In a shocking move, on May 2, 2025, Reorg, Inc. filed and served in the Foreclosure Action a Motion to Vacate Judgment [of Foreclosure] and Discharge Lis Pendens premised on the allegation that Reorg, Inc., as foreclosing lender, and TUI Bayside, as defaulted borrower, had "resolved their differences" and that Reorg, Inc. would file a voluntary dismissal of the

4

Foreclosure Action upon entry of an order vacating the judgment [of Foreclosure] and discharging the lis pendens.

21. Just three (3) days later, on May 5, 2025, Reorg, Inc. filed and served in the Foreclosure Action an Amended and Agreed Motion to Vacate Judgment [of Foreclosure] and Discharge Lis Pendens.

22. From any objective standpoint, the only person who could have consented to the submission of an 'agreed' motion to vacate the judgment [of Foreclosure] and to discharge lis pendens on behalf of TUI Bayside remains Grossfeld, who was apparently in consultation with Reorg, Inc. and its corporate principal(s) and its attorney, Juan Martinez, Esq.

23. In response to the Plaintiff having filed on May 2, 2025 Notices of Lis Pendens with respect to the Jockey Club Property both in this action and in the Foreclosure Action, on May 9, 2025, counsel for Reorg, Inc., for the first time, revealed to the Plaintiff and the undersigned that Grossfeld had, in fact, executed a General Warranty Deed on April 10, 2025. Ex. "A"

24. The above referenced deed that Grossfeld executed on April 10, 2025 purports to convey all of TUI Bayside's right, title and interest in the Jockey Club Property to Jockey Development, LLC, an entity organized on April 11, 2025 by, upon information and belief, the same corporate principal(s) as those behind Reorg, Inc.

25. Interestingly, the deed which Grossfeld executed on April 10, 2025 in favor of Jockey Development, LLC cryptically refers to Reorg, Inc. as Jockey Development, LLC's "affiliate" and specifically sets forth that the mortgage which Reorg, Inc. holds and recorded against the Jockey Club Property "shall survive and be enforceable" upon and after delivery of the deed.

26. Stated another way, Grossfeld appears to have conveyed and transferred the Jockey Club Property, the sole asset of TUI Bayside, to Jockey Development, LLC, an affiliate of Reorg, Inc., for no consideration at all in light of the apparent survival of the mortgage which encumbers the Jockey Club Property in favor of Reorg, Inc.

27. It is incomprehensible how Grossfeld, who was stripped of his authority as Manager to bind and represent TUI Bayside by a duly enacted Resolution executed by the Plaintiff in his capacity as majority member of the company, could execute a deed conveying the company's sole asset, valued at approximately $2,500,000.00, for no equivalent value and without securing the extinguishment and satisfaction of the mortgage underlying the Foreclosure Action.

5

28. No doubt exists that Grossfeld's execution of the April 10, 2025 General Warranty Deed in favor of an affiliate of Reorg, Inc., in exchange for receiving no equivalent value, constitutes an unlawful act under Chapter 605, Florida's Revised Limited Liability Act, and, on said basis, remains subject to invalidation by this Honorable Court.

29. As of the date of this motion, the above referenced deed has yet to be recorded in the Public Records of Miami-Dade County, Florida and, as a consequence, no documentary stamps have yet been paid to the Clerk of Court as an element of the recording process.

30. This is telling, for it evidences that the purported conveyance of the Jockey Club Property is not an arm's length transaction but rather an act of collusion and conspiracy by and between Grossfeld and potentially corporate principal(s) of Reorg, Inc. and its "affiliate" Jockey Development, LLC.

31. The Plaintiff moves this Court, on an expedited basis, to invalidate an unlawful deed executed by Grossfeld, who lacked the authority to bind and represent the company in such a transaction, and to nullify the unauthorized transfer of the sole asset of TUI Bayside in exchange for receiving less than equivalent value.

**WHEREFORE**, Plaintiff Michael Eisenberg, derivatively as Majority Member and Manager of TUI BAYSIDE, LLC, respectfully moves this Honorable Court to invalidate the above referenced deed and to nullify an unauthorized transfer of an asset of the company for the good faith and substantial bases set forth above and for all other relief that the Court deems just and proper under the circumstances.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was served upon the following recipient(s) by Fla. R. Jud. Admin. 2.516, via electronic mail (E-Mail) to: jeff@iso21.com and juan.martinez@saul.com and/or by regular US Mail on this 13<u>th</u> day of <u>May 2025</u>: JEFFREY GROSSFELD, *Defendant Pro Se* [NO MAILING ADDRESS PROVIDED]; JUAN C. MARTINEZ, ESQ., *Attorney for Reorg, LLC and Jockey Development, LLC*, 701 Brickell Avenue, 17th Floor, Miami, Florida 33131.

_____
/s/

Adam J. Yormack, Esq.—F.B.N. 103207
121 Alhambra Plaza—Suite 1500
Coral Gables, Florida 33134
Telephone: (786) 634-6055
Primary/Service E-Mail Address:
adam@yormacklaw.com

## Case Information
<u>**EXHIBIT C**</u>

**Local Case Number:**
2024-024352-CA-01

**State Case Number:**
132024CA02435201GE01

**Case Style:**
Michael Eisenberg vs Jeffrey Grossfeld et al

**Filing Date:**
12/23/2024

**Judicial Section:**
CA09 - Downtown Miami - Judge Cynamon, Abby

**Case Status:**
OPENINACT

**Case Type:**
Shareholder Derivative

**Consolidated Case No.:**

## Related Cases

No data available

## Hearing Details

**Hearing Date:**
06/04/2025
**Description:**
Motion Calendar

**Hearing Time:**
9:30AM
**Hearing Location:**

**Hearing Code:**
MOTCAL

**Hearing Date:**
05/30/2025
**Description:**
Special Sets

**Hearing Time:**
4:00PM
**Hearing Location:**

**Hearing Code:**
SPECSETS

**Hearing Date:**
04/16/2025
**Description:**
Transfer Calendar

**Hearing Time:**
9:00AM
**Hearing Location:**

**Hearing Code:**
TRAN

## Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Eisenberg, Michael | **B#:** 103207 Yormack, Adam | |
| Defendant | Grossfeld, Jeffrey | | |
| Defendant | TUI Bayside, LLC (Nominal Defendant) | | |

## Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 32 | 06/05/2025 | | Order Case Pending Bankruptcy Stay | Event | |
| 30 | 06/04/2025 | 34790/247 | Suggestion of Bankruptcy | Event | BN:25-16337 |
| | 06/04/2025 | | Motion Calendar | Hearing | |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 31 | 06/03/2025 | | Response to Motion | Event | |
| | 05/30/2025 | | Special Sets | Hearing | |
| 29 | 05/28/2025 | | Notice of Unavailability/absence | Event | OF PLAINTIFF'S ATTORNEY ADAM J. YORMACK, ESQ. |
| 28 | 05/27/2025 | | Notice of Hearing- | Event | 6-4-2025 |
| 27 | 05/23/2025 | | Notice of Hearing- | Event | 06/03/2025 at 10:30 AM |
| 26 | 05/22/2025 | | Motion: | Event | TO SPECIALLY SET HEARING ON ITS MOTION TO DISSOLVE LIS PENDENS |
| 25 | 05/21/2025 | | Motion: | Event | to dissolve lis pendens |
| 24 | 05/15/2025 | | Notice of Hearing- | Event | 05/30/2025 AT 4:00 PM |
| 23 | 05/13/2025 | | Motion: | Event | to Invalidate unlawful general warranty deed and to nullify unauthorized transfer of llc property |
| 22 | 05/06/2025 | | Order Setting CM Deadline | Event | |
| 21 | 05/06/2025 | | Receipt: | Event | Receipt#:3100156 Amt Paid:$9.00 Name:YORMACK, ADAM 121 ALHAMBRA PLAZA, SUITE 1500 CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3142-Recording Fee 1 $4.00 $4.00 3142-Recording Fee 1 $5.00 $5.00 Tender Type:eFilings Tender Amt:$9.00 Receipt Date:05/06/2025 Register#:310 Cashier:EFilingUser EFiling #:222332253 |
| 20 | 05/02/2025 | 34745/2165 | Lis Pendens | Event | |
| 19 | 04/23/2025 | | Notice of Production | Event | |
| 18 | 04/22/2025 | | Motion: | Event | FOR ISSUANCE OF TEMPORARY INJUNCTION AGAINST DEFENDANT. |
| 16 | 04/16/2025 | | Order of Transfer (jud Sect Chg) Section: | Event | |
| | 04/16/2025 | | Transfer Calendar | Hearing | Plaintiffs Motion to Consolidate and Transfer Docket Index # Pending |
| 15 | 04/08/2025 | | Notice of Hearing- | Event | April 16, 2025 |
| 14 | 04/08/2025 | | Motion to Transfer | Event | |
| 13 | 03/20/2025 | | Answer | Event | |
| 12 | 03/18/2025 | | Motion for Extension of Time | Event | |
| 11 | 03/17/2025 | | Notice of Default Not Entered | Event | |
| 10 | 03/14/2025 | | Non-Military Affidavit | Event | |
| 9 | 03/14/2025 | | Motion for Default | Event | |
| 8 | 02/24/2025 | | Service Returned | Event | |
| 7 | 01/28/2025 | | Notice of Production | Event | |
| 6 | 01/14/2025 | | Receipt: | Event | Receipt#:3000015 Amt Paid:$10.00 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:Cash Tender Amt:$20.00 Tender Type:Change Tender Amt:($10.00) Receipt Date:01/14/2025 Register#:300 Cashier:SFlower |
| | 01/14/2025 | | 20 Day Summons Issued | Service | |
| 5 | 01/14/2025 | | 20 Day Summons Issued | Event | |
| 4 | 12/25/2024 | | Receipt: | Event | Receipt#:3090044 Amt Paid:$401.00 Name:YORMACK, ADAM 121 ALHAMBRA PLAZA, SUITE 1500 CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 Receipt Date:12/25/2024 Register#:309 Cashier:EFilingUser |
| 2 | 12/23/2024 | | Complaint | Event | |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 1 | 12/23/2024 | | Civil Cover Sheet - Claim Amount | Event | |